J-S14038-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ABNER GEOVANNIE VEGA-RIVERA | : | |
| | : | |
| Appellant | : | No. 1104 MDA 2020 |

Appeal from the Judgment of Sentence Entered January 9, 2017
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0004946-2016

BEFORE:  BOWES, J., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:        **FILED: JUNE 14, 2021**

Abner Geovannie Vega-Rivera ("Vega-Rivera") appeals from the judgment of sentence entered following his guilty plea to involuntary deviate sexual intercourse ("IDSI").[1]  Specifically, Vega-Rivera challenges his designation as a sexually violent predator ("SVP").  We affirm.

Vega-Rivera pled guilty to IDSI on October 13, 2016.[2]  The trial court thereafter sentenced Vega-Rivera to a prison term of four to eight years.  The trial court further ordered Vega-Rivera to undergo an SVP assessment.

_____

[1] *See* 18 Pa.C.S.A. § 3123.

[2] Vega-Rivera pled guilty to sexually abusing his daughter, E.V.  The SVP assessment indicated, *inter alia*, that a video showing E.V. urinating and defecating had been found on E.V.'s cell phone; E.V. reported that Vega-Rivera had been having anal sex with her since she was in third grade; E.V. sent requested videos of her naked to Vega-Rivera; and upon his arrest, Vega-Rivera admitted to requesting such videos.  ***Id.***

Robert M. Stein, Ph.D. ("Dr. Stein"), was assigned by the Sexual Offender Assessment Board ("SOAB") to conduct the SVP assessment. However, the SVP proceeding was delayed pending the Pennsylvania Supreme Court's review of this Court's decision in **Commonwealth v. Butler**, 173 A.3d 1212 (Pa. Super. 2017).[3]

The trial court conducted its SVP hearing for Vega-Rivera on July 28, 2020. At the conclusion of the hearing, the trial court determined that Vega-Rivera was an SVP. Vega-Rivera filed a Motion for Reconsideration of the SVP designation. Following a hearing, the trial court denied Vega-Rivera's Motion. On August 27, 2020, Vega-Rivera filed a timely Notice of Appeal. Vega-Rivera thereafter filed a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

Vega-Rivera presents the following claim for our review:

Was the weight of the evidence against [] Vega-Rivera's designation as a[n SVP,] where numerous factors were inconsistent with his designation, every fact that was consistent with the designation was derived from the instant offense itself, and the [trial] court admitted [that] this was "kind of a tough, close" case?

Brief for Appellant at 4.

---

[3] In **Butler**, this Court held that the requirement that an SVP determination be made by clear and convincing evidence, as set forth at 42 Pa.C.S.A. § 9799.24(e)(3), is unconstitutional. **Butler**, 173 A.3d at 1218. Our Supreme Court reversed that determination. **See Commonwealth v. Butler**, 226 A.3d 972 (Pa. 2020).

Vega-Rivera argues that the trial court's designation of him as an SVP is against the weight of the evidence.[4] *Id.* at 17. Vega-Rivera claims that the trial court improperly accepted the conclusion of Dr. Stein that Vega-Rivera is an SVP. *Id.* According to Vega-Rivera, "Dr. Stein's opinion was deeply flawed and was undermined by numerous facts indicating [that] Vega-Rivera is not an SVP." Vega-Rivera points out Dr. Stein's acknowledgment that "a good number of" factors "actually cut against an SVP finding." *Id.* at 18 (citation omitted). In particular,

> Dr. Stein admitted: 1) Vega-Rivera had no prior convictions or arrests; 2) a single victim was involved; 3) she was of "normal capacity"; 4) Vega-Rivera "did not exceed the means necessary to achieve the offenses"; 5) there was no gratuitous cruelty; and 6) no illegal drugs were used. Dr. Stein admitted all [of] these facts were inconsistent with an SVP designation.

*Id.* (citations omitted). According to Vega-Rivera, Dr. Stein's conclusion is suspect because he relied exclusively on the facts constituting the offense. *Id.* at 18-19. Vega-Rivera posits that the fact that the victim was his daughter "created a unique situation that allowed the instant offense to occur." *Id.* at 19. Further, the events occurred solely within the household, and did not include "risk taking" by Vega-Rivera. *Id.* Vega-Rivera asserts that, in the absence of any other indicia of a mental abnormality or defect, the

_____

[4] Vega-Rivera preserved his challenge to the weight of the evidence in his post-sentence Motion for Reconsideration.

circumstances of this case fell short in establishing that he is an SVP. ***Id.*** at 20.

Vega-Rivera also directs our attention to the fact that he has completed sex offender treatment, as it demonstrates his motivation to overcome "any paraphilic afflictions." ***Id.*** Further, Vega-Rivera directs us to testimony from Dr. Stein that he sometimes makes mistakes, or the court does not always agree with him. ***Id.*** at 21. Finally, Vega-Rivera relies on the trial court's statement that it was "kind of a tough, close case." ***Id.*** (citation omitted). Vega-Rivera argues that "this is that rare case where the evidence truly was so tenuous, vague and uncertain that [his] SVP designation shocks the conscience." ***Id.*** (internal quotation marks and citation omitted).

This Court does not review challenges to the weight of the evidence *de novo* on appeal. ***Commonwealth v. Rivera***, 983 A.2d 1211, 1225 (Pa. 2009). Rather, we only review the trial court's exercise of its discretionary judgment regarding the weight of the evidence presented at trial. ***See id.*** A trial court will not grant relief on a weight of the evidence claim unless the determination is so contrary to the evidence as to shock one's sense of justice. ***Commonwealth v. West***, 937 A.2d 516, 521 (Pa. Super. 2007).

An SVP is defined as a person who has been convicted of a sexually violent offense and who has a mental abnormality or personality disorder that makes the person likely to engage in predatory sexually violent offenses.

*Commonwealth v. Hollingshead*, 111 A.3d 186, 189 (Pa. Super. 2015). As this Court has explained,

> [w]hen performing an SVP assessment, a mental health professional must consider the following 15 factors: whether the instant offense involved multiple victims; whether the defendant exceeded the means necessary to achieve the offense; the nature of the sexual contact with the victim[]; the defendant's relationship with the victim[]; the victim['s] age[]; whether the instant offense included a display of unusual cruelty by the defendant during the commission of the offense; the victim['s] mental capacity[]; the defendant's prior criminal record; whether the defendant completed any prior sentence[]; whether the defendant participated in available programs for sexual offenders; the defendant's age; the defendant's use of illegal drugs; whether the defendant suffers from a mental illness, mental disability, or mental abnormality; behavioral characteristics that contribute to the defendant's conduct; and any other factor reasonably related to the defendant's risk of reoffending. *See* 42 Pa.C.S.A. § 9799.24(b).

*Hollingshead*, 111 A.3d at 189-90.

There is no statutory requirement that all of them or any particular number of the statutory factors be present or absent in order to support an SVP designation. *Commonwealth v. Meals*, 912 A.2d 213, 220-23 (Pa. 2006). The factors are not a checklist with each one weighing in some necessary fashion for or against SVP designation. *Id.* at 222. Rather, the presence or absence of one or more factors might simply suggest the presence or absence of one or more particular types of mental abnormalities. *See id.* at 221. Thus, while the SOAB is to examine all of the statutory factors, the Commonwealth does not have to show that any certain factor is present or absent in a particular case. *Id.* Rather, the question for the trial court is

- 5 -

whether the Commonwealth's evidence, including the SOAB's assessment, shows that the person convicted of a sexually violent offense has a mental abnormality or disorder making that person likely to engage in predatory sexually violent offenses. ***Commonwealth v. Feucht***, 955 A.2d 377, 381 (Pa. Super. 2008) (emphasis and citation omitted).

Our review discloses that, at the hearing, Dr. Stein enumerated and discussed his analysis of the relevant statutory factors involved, in order to arrive at his professional conclusion that Vega-Rivera is an SVP. ***See*** N.T., 7/28/20, at 14 (wherein Dr. Stein states that he reviewed the 15 statutory factors in making his determination), 15-18 (wherein Dr. Stein explains the applicable statutory factors relevant to his determination). In particular, we observe Dr. Stein's testimony that Vega-Rivera suffered from multiple paraphilias, which were non-consenting sex, urophilia, which is interest in urine, and coprophilia, which is interest in defecation. ***Id.*** at 17. Dr. Stein explained that these are not curable conditions. ***See id.*** Dr. Stein further testified that there was sufficient evidence for a condition that "overrides emotional and volitional control." ***Id.***

As the trial court explained,

> Dr. Stein testified that there [is] no specific weight assigned to each SVP factor. In fact, though there might be a number of factors weighing against an SVP designation, these factors can be overwhelmed by others that *do* support such a finding. As noted by [the trial court] at the SVP hearing[,] and as [the trial court] emphasized at the reconsideration hearing, [Vega-Rivera] argued with [E.V.'s] step-mother about his illegal sexual conduct and yet, despite this warning, he did not arrest his behavior. This leads to

- 6 -

an inference that [Vega-Rivera] is *compelled* to act upon his illicit sexual predilections[,] and both [the trial court] and the doctor expressed the concern this causes. [The trial court does] not minimize the other factors that [Dr. Stein] and [the c]ourt considered. In fact, [the trial court] would direct the Superior Court's attention to the SVP hearing transcript, where the [trial court] set them out. (N.T. 7/28/29, at 35-38). However, this case can be summated as [Vega-Rivera] suffers from pedophilia and multiple paraphilia[, which Dr. Stein] testified are incurable lifetime conditions *and* [Vega-Rivera] appears compelled to act upon these desires. Ergo, [the trial court] felt it necessary to label [Vega-Rivera] an SVP[,] and not to reconsider that designation….

Trial Court Opinion, 12/8/2020, at 5-6 (emphasis and citations in original).

The record supports the trial court's determination, and we discern no abuse of discretion by the trial court in rejecting Vega-Rivera's challenge to his SVP designation, as against the weight of the evidence. Consequently, we are without grounds to disturb the court's SVP determination. **See Rivera**, **supra**; **West**, **supra**. We therefore affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/14/2021